# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ISAAC T. WASHINGTON, #72148-004**  **PLAINTIFF**

**VERSUS**  **CIVIL ACTION NO. 5:08-cv-342-DCB-MTP**

**HARLEY LAPPIN, et al.**  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff, an inmate incarcerated in the Federal Correctional Complex - Yazoo, Yazoo City, Mississippi, when he filed this *Bivens*[1] complaint on December 24, 2008. On June 11, 2009, an order [18] was entered directing Plaintiff to file a written response, on or before June 30, 2009. The Plaintiff was warned in this Court's order [18] of June 11, 2009, that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint. On June 18, 2009, this Court's order [18] was returned by the postal service with the notation "return to sender". Plaintiff failed to comply with this order [18].

Notwithstanding Plaintiff's failure to provide this Court with a correct address and out of an abundance of caution, in an order [21] entered July 21, 2009, Plaintiff was directed to show cause why this case should not be dismissed for his failure to comply with this Court's order [18]. Additionally, Plaintiff was given until and including July 30, 2009 to comply with this Court's order [18]. The Plaintiff has failed to comply with this Court's order [21]. The Plaintiff was warned in this Court's order that failure to timely comply with the requirements of the order may lead to the dismissal of his complaint.

Plaintiff has failed to comply with two Court orders. This Court has the authority to

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

dismiss an action for failure to prosecute and failure to comply with Court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*.  *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir.1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988).  The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  *Link*, 370 U.S. at 630.  Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court.  *Id*. at 629-30.

      The Court concludes that dismissal of this action for Plaintiff's failure to prosecute and failure to comply with the orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper.  Since the Defendants have not been called on to respond to Plaintiff's pleading, and the Court has not considered the merits of Plaintiff's claims, the Court's order of dismissal is without prejudice.  *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 F. App'x 265, 267 (5th Cir. 2006).

      IT IS THEREFORE ORDERED AND ADJUDGED that the Plaintiff's complaint shall be dismissed without prejudice.  A Final Judgment in accordance with this Memorandum Opinion and Order will be entered.

      SO ORDERED, this the __7th__ day of September, 2009.


                                          s/David Bramlette
                                          UNITED STATES DISTRICT JUDGE